WILLIAM H. SUMMERS, Respondent, *v.* ISAAC H. CAREY, Appellant.

*Commission on a sale — efficient cause thereof — right of a clerk of the vendor to recover a commission from the vendee for influencing his employer to reduce the price — notice to the vendor that the clerk was acting for the vendee.*

In an action, brought by a clerk in the employment of one Powers, to recover for alleged services rendered by him, in inducing Powers to sell a piece of land to the defendant for $10,000, instead of $12,000, the price first asked for the property, the following testimony was given by the plaintiff: "In the meantime I had made some inquiries. Mr. Powers talked to me about the price offered and I suggested to him that ten thousand dollars was a fair price, and the next day, after sleeping it over, Mr. Powers told me to tell Mr. Carey (the defendant) that he could have it for ten thousand dollars."

*Held,* that the evidence was insufficient to warrant a finding that the plaintiff was the efficient cause in bringing about the reduction, especially where Powers was not called upon to testify as to the influence exerted upon him by the plaintiff in the matter of the reduction.

*Semble,* that, in addition to showing that he was the efficient cause in bringing about the reduction, the plaintiff was obliged to show that Powers was aware of the fact that the plaintiff was acting for the defendant in endeavoring to bring about the reduction which the latter desired.

APPEAL by the defendant, Isaac H. Carey, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, entered on the 23d day of April, 1901, upon the decision of the court.

*Thomas F. Fitzhugh Lee,* for the appellant.

*George P. Beebe,* for the respondent.

WILLARD BARTLETT, J. :

This is an action to recover commissions for the alleged services of the plaintiff, who was a clerk in the employment of George Powers, in inducing Mr. Powers to sell a piece of land to the defendant for $10,000 instead of $12,000, the price first asked for

the property. I can discover no evidence whatever tending to show that anything done by the plaintiff in the matter operated as an inducement to Mr. Powers to lower the price.

When asked what he did, the plaintiff answered : "In the meantime I had made some inquiries. Mr. Powers talked to me about the price offered and I suggested to him that ten thousand dollars was a fair price, and the next day after sleeping it over Mr. Powers told me to tell Mr. Carey that he could have it for ten thousand dollars."

This is not enough to warrant a finding that the plaintiff was the efficient cause in bringing about the reduction in the price to the sum at which the defendant was willing to purchase. Evidence of that kind is essential to make out a cause of action in a case of this character. (*Colwell* v. *Tompkins,* 6 App. Div. 93 ; affd., 158 N. Y. 690.)

It is a significant fact that the vendor himself, who could have testified to the influence exerted by the plaintiff, if he really exercised any, was not called as a witness in support of the claim.

For this defect in the proof, the judgment must be reversed.

I think it proper to add that it is very difficult to see how the plaintiff can be allowed to recover in this action unless the proof is supplemented by evidence showing not only that the plaintiff's influence was the efficient cause in bringing about a sale at the reduced price, but also that his employer, the vendor, was aware of the fact that the plaintiff was acting for the purchaser in endeavoring to bring about the reduction which the purchaser desired. Both the plaintiff and the defendant agree that there was a promise to pay a commission. The plaintiff contends that the promise was absolute in the event of the sale for $10,000. According to the defendant, however, he did not agree to pay anything to the plaintiff unless he received a commission from the purchaser. The testimony of the plaintiff is that Mr. Carey said to him : "If I could get Mr. Powers to take ten thousand dollars for the property he would give me fifty dollars or half the commissions." The defendant testifies that he finally said to the plaintiff, "Well, if Mr. Powers pays me a commission I don't know that I shall object to giving you a part of it." Whichever statement of the agreement is correct it clearly imports a contract against good morals if it contemplated

the exercise of influence by the defendant upon his employer, Mr. Powers, to induce Mr. Powers to accept a less sum than he was disposed to take for his property without any knowledge on the part of Mr. Powers that his clerk was thus endeavoring to serve the purchaser.

All concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.